Your Honors, and may it please the Court, my name is Robert Coleman. For Appellant Milestone, Coleman and Crouser. There's no relation between Mr. William Coleman and myself. Okay. There's two attorney's fee issues before the Court. The first is whether Milestone is entitled to attorney's fees, and the second is whether Coleman and Crouser are entitled to attorney's fees. No question that both of them prevailed on summary judgment against claims made by the defendants. Now, with respect and I'll say this candidly, maybe this is an interesting case because there's no precedent on either question that I believe either party has been able to find that's directly on point. So with respect to Milestone, the question is whether the fact that after conduct that New Tech and IES complained of against Milestone, after that conduct occurred, Milestone assigned the lease to somebody else. The question is, does that matter? The fact that an assignee steps into the shoes of the assignor doesn't answer that question. In a settled law, there's no question about that, but it just doesn't answer the question. And I think that for that reason, the way to answer the question is to think about other types of situations that are similar or slightly different in how you would come down. And I'll give you one. Mine is, imagine a lease agreement which has a potentially ambiguous clause regarding the ability of the landlord to assign the lease. The landlord attempts to assign the lease. The tenant says that assignment is contrary to the lease agreement, and I'm leaving. So either one of the parties in that instance could sue the other and say, I want a declaration about what the assignment clause means and whether it's been properly booked. Imagine that happens. The landlord prevails. Therefore, the assignment is valid. Right? And so now the landlord has assigned the lease validly to somebody else. But there's an attorney's fee clause. The landlord says, well, I'm entitled to my attorney's fee because I prevailed on the enforcement of this lease and the enforcement of the assignment clause. And I don't understand how one could say that the landlord wouldn't be entitled to attorney's fees in that instance. Well, let's talk about this case. Milestone was a party to the lease. Correct. Milestone assigned its interest. Correct? That's correct. The litigation, as I understand it, was to declare the lease agreement void ab initio. Correct. Milestone was accused of being partly responsible for that. Correct? Well, you know, Milestone was accused of being solely responsible. I didn't want to quarrel with, you know, whether they were the only one. But in any event, they were claimed to be a reason for the lease agreement in the first instance. Correct? Correct. And maybe the way to analyze that issue is we've got to consider the fact that some of the assignee is around and was also sued. I understand that. I'm just trying to understand whether assigning the lease relieves Milestone from any liability to the assignee, its assignee, if that lease had been voided. No. So, would the assignee have been able to, if the lease had been declared void, been able to go after Milestone for indemnification? Well, they actually, Your Honor, had a claim that they hadn't filed. I frankly don't remember whether they'd filed it or not and if it was just sitting and stayed. But, yes, they had asserted claim. And we've never been able to say you don't have a claim against us. If the assignee prevailed in the litigation against the plaintiffs, the assignee would have been able to get, is it your position, invoke on the reciprocal notion, would have been able to get attorney fees? Not under the lease agreement, Your Honor. That would be under the Oregon statute? No, Your Honor. There would be an agreement assigning the lease to the assignee and if that agreement had an attorney's fee clause then the assignee would be able to get attorney's fees against the assignee. Was that the case here? Before we move to that, I'm trying to get to my hypothetical, which is where NewTek sued to invalidate, right? Yes, but NewTek... sued against both the original party milestone and its assignee. Correct. Okay, now if NewTek if the assignee prevailed as against NewTek and the lease was declared not void, does the assignee get attorney fees as against NewTek under its assigned rights under the original lease? Yes, it does. Alright, so the reciprocal would seem to be that if under that circumstance, as I understand Oregon law, that since the assignee could have recovered, then why not the assignor? Because it would have gone the other way. If the assignee had lost, then the assignee could have gone after milestone. Correct? So milestone was on milestone, despite the assignment, was still in a liability relationship with its assignee. Correct. Okay. I'm just trying to understand whether the assignment deprives milestone of its rights under the original lease. And where does that liability stem from? There's an Oregon statute, and I don't have it on the tip of my tongue. Is that 20-09-7? There's three of them in short succession, one after the other. 20-09-6 is the typical reciprocal. That's the reciprocal statute. And that's not an issue at this case. Because the fee clause is drafted reciprocally. Right. So the terms of the lease cover that. So we don't have to look to the statute. Correct, Your Honor. Was milestone sued It was sued to void the lease? That's correct, Your Honor. It was sued to have the lease rendered void ab initio, meaning from the moment it was first entered into, which was several months before it was assigned. So all of the conduct that allegedly was bad and upon which milestone prevailed was before the assignment even occurred. The lawsuit, however, was filed after the assignment? The lawsuit was filed after the assignment. In fact, the lawsuit was filed approximately a year and a half after the lease had started to be performed, which in itself was a few months after the lease was executed and the conduct complained of occurred. And that's because there was the need to. It's essentially the building was a shell and had to be built out to suit. So there was a period of time where the lease wasn't performed. So the court held on summary judgment that the IES and NUTEX ratification of the lease prevented them from claiming that the lease could be avoided. More generally, suppose somebody is the landlord on a lease for a year and there is alleged to be a breach during that year and then assigns the lease. Can the plaintiff then sue the original landlord or does he have to sue the assignee? I don't know the answer to that question. I would suspect that you would sue the original landlord because it would be for breach of lease agreement, a contract, and you'd be suing for breach during the time when there was a contract between the landlord and the assignee. And presumably any attorney fees provision would go along with that time period. Presumably it would. I can't imagine a reason why it wouldn't. Here's another example. Suppose that there's a lease between landlord and tenant that goes for a year. The lease ends. It's not assigned to anyone. And then the landlord sells the building and the same tenant leases from the new owner, new landlord. Or even doesn't. He leases from the same landlord but still he's suing under the old lease as opposed to the new lease. Fine. Either way. But I think that my hypothetical is closer to our case in that there's a new party involved. And that's really what the court came down on here. It said, well, there's a new party. There's Summit. And they were entitled to attorney's fees under the lease. And it's as if, well, two parties can't be entitled to attorney's fees. Under one document. But that doesn't make any sense. It doesn't follow. I mean, if the new landlord hadn't done anything wrong in my hypothetical and so the old landlord was sued then despite the fact that they sold the building and that there was a new landlord, certainly they would be entitled to attorney's fees. I suppose the scope of the assignment might matter. He could have assigned all liabilities as well. I don't know if even that would matter in this case because of the fact that the landlord is being sued for pre-assignment conduct. Milestone is being sued for pre-assignment conduct and for nothing else. So we're reaching back in time to a time when there was a contract between the two parties. The contract provides for attorney's fees. It's not altogether clear though. I mean, in terms of double recovery, they sue both the assignor and the assignee. They want to make sure they get the right party. Then the question comes down, does the lease contemplate that you can get attorney's fees against someone who has assigned away and the assignee are each separately liable? One would have to be responsible for paying the attorney fees and the assignee might then go after the assignor for indemnification. When you flip it, it sounds like what we're positing is that when the plaintiff lost the lawsuit he was now subject to the landlord or the new tech here is now, on the flip side of it, is responsible for two sets of attorney fees, both that of the assignor and the assignee. I bet I hadn't focused on that. Well, your honor, that seems inequitable, doesn't it? It does. Well, it was inequitable for them to sue both parties. No, because your client, Milestone, introduced the third party by assigning the lease. Why don't you talk about the Delaware? With respect to the Delaware issue, the law is very clear that in this context, officers and directors are entitled to indemnification if they prevail on the merits when they've been sued by their company for conduct that they engaged in as clients. And what is the evidence in this record that they incurred fees? I understand that incur is in payment, but we have some evidence that the lawyer represented them, but people sometimes get represented for free. So what is the evidence that they incurred fees, i.e., were in any sense responsible for them anywhere down the line? Well, your honor, I'd refer you to ER 102 and 103, and that's my declaration seeking the attorney's fees on behalf of all three. I'm sorry, I didn't hear. What does it say? What it says is that fees that, well, I'll just read you a passage from it. It always refers to amounts, for example, I'm looking at the bottom of ER 102. I say, given the above, I believe that the amount of time spent on behalf of third-party defendants on this case was justified. So on and so forth. Every reference in my declaration is to representing all of the third-party defendants jointly. I understand that you represented them, but where is the evidence that you charged them? Well, your honor, I don't know that there is evidence specifically that I did charge them. There's no evidence that I didn't either. What there is evidence of, of course, attached to the declaration was time records, and those time records were sent to one of the three defendants. They weren't sent to all three, but there would be no point in doing that. Did you have a fee agreement with the three of them? If we did, it would have been a general fee agreement from prior representations. I'm not aware of any. So we don't know whether you could have, if they owed you fees, that is, the individuals owed you fees, that you had any claim for them? Were they liable for the fees? Certainly. How do we know that? Well, in support of the motion for reconsideration, which was made part of the SCR, Supplemental Record, I point that out in my declaration, that we had every intention of holding everybody liable. There wasn't anybody to hold liable because we've been paid all along. They kept up on their bills. It's not like we had an AR that we could have made a lien against the three of them. But had there been, we certainly could have. There's nothing to preclude it. Except there's no retainer agreement. That's the odd part because I'm certainly as familiar as I'm sure you are with situations in which the retainer agreement is entered into with one of several parties and the agreement is that that party is going to pay all the fees and that the other parties will be represented and will not be responsible for the fees. And we have no except for the motion for reconsideration issue, which is a separate one, any evidence from your declaration that that was not the situation here. There may be no evidence that it was not the situation except for what I said in my initial declaration, which is that the fees were on behalf of all third party defendants. The services were on behalf of them. The services were performed on behalf of all third party defendants. But lots of people are represented for free, pro bono. The services are on their behalf, but they don't have any fees. I can tell you, it's not in the record, but I'm not aware of any retainer agreement. And that's also typical, Your Honor, in situations like this where you have Your ongoing clients? Yes, Your Honor. They absolutely were. And so, you know, when they get sued for something that they did a couple years ago, they come to the office and they say we've been sued. Can you help us? But the short problem is that saying that you provided representation on their behalf does not translate into the incurred fees. Does it? Is there any reason it does? Well, I think so, because incurred just means liable for it. It's not, you know... I understand that, but there is pro bono representation as well, but there's also representation in which third parties assume the responsibility to pay for other people explicitly. So we can't go from... You need to tell me why we go from I represented these people to they incurred fees to pay me, and responsibility to pay me. Well, Your Honor, maybe we can flip the question around and look at it this way. Suppose the case was that Milestone, or that Coleman and Krauser, that we lost the case due to our negligence. And Coleman and Krauser come to the court and say there's malpractice here. That we didn't keep our duty of care. Would there be any question, could there be any question that they had been our clients? Well, you could have been a client, but the question is whether it was for compensation. But I take it you're telling us that your normal practice as a commercial litigation defense firm, or whatever you do, is not to represent people pro bono? You did send a bill out, so you weren't taking the case pro bono. The question is, who was responsible to pay that bill? And the only thing that the bill indicates... And there's no retainer agreement that two individuals whose services were being provided on behalf of any financial responsibility for those fees. Correct. There's never such a thing. And again, our firm does mostly construction litigation, so it would be natural for us to send the bill to the corporate client who's a developer and landlord. Can you tell us a little bit about the motion to reconsider? What was the evidence that you submitted and on what basis? And is that issue before us as such? The reason why we submitted the motion to reconsider is because the court had concluded that only Milestone had paid and that that mattered. We were very clear I believe in the motion to reconsider and in the declaration with respect to that in saying that regardless of who actually paid, we said as an aside actually that in fact Coleman paid Milestone so that Milestone could pay us because Milestone didn't have the cash. But that was as an aside. What we said was in the motion for reconsideration is we didn't think that you were interested in hearing that all three plaintiffs were, or all three of Coleman, Milestone, and Krauser were each individually and jointly liable to us for our fees. We thought that you were interested in hearing whether fees had been incurred on their behalf. Whether they had reasonably incurred fees. And so we said they had. We had defended all three of them and the fact that Milestone alone paid for it really doesn't matter. And that's just the core of the argument here, getting beyond the facts on the merits. The fact is that Milestone paid, well, why does that matter at all? And that's what the court concluded. So the factual issues maybe are something that the court's going to need to reconsider upon remand. But legally what the court did, and there's no findings of fact I want to be clear about that. There's no findings of fact and separate conclusions of law. There's nothing like that here. There's just the court's statement. And the court says, well, third-party defendants all have these fees, but only Milestone paid them. And for that reason I'm denying Coleman and Krauser the attorney's fees. Did you submit any evidence on reconsideration? Yes, there is a declaration, Your Honor. And what is in the declaration? Let me see if I can find it. It would be in the supplemental. Sorry, Your Honor, it was under my notepad and I had trouble finding it. Well, why don't you, maybe you can answer rather than let the clock keep running, why don't you sit down and you can give us that on rebuttal. If you prefer, I've found it now. I don't think, the SCR doesn't have the declaration. It has the memorandum. It refers to the declaration.  that it's not in the declaration. There's references to paragraph 2 of my declaration. And what I say is, the firm had no agreement that only Milestone was liable for the attorney's fees incurred. Had Milestone not paid the fees, the firm would have sought payment from third-party defendants Coleman and Krauser. And then I go on to say, Milestone, which is owned by Coleman and Krauser, paid the fees incurred by all third-party defendants as a matter of administrative convenience, not because of an agreement that only Milestone was liable for the fees. Thank you. May it please the Court, good morning. Joseph Franco representing New Tech Electric, the appellee in this case. The parties agree that to incur means to become liable for, and the district court correctly found as a matter of fact, that there simply wasn't anything before it, any evidence before it, before it made its August 30, 2005 decision on attorney fees to show that Mr. Coleman and Mr. Krauser were actually liable. That was a finding of fact, and it shouldn't be overturned absent clear error. And since Mr. Coleman and Mr. Krauser did not address specifically whether or not they had actually become liable for attorney fees, I don't believe that it should be considered clear error on the Court's part to make the inference that in the absence of any evidence, they hadn't incurred fees. You're saying without regard to what came in on the motion to reconsider? Yes, absolutely. A couple points about the motion to reconsider. The order from that motion hasn't been appealed. So that declaration wasn't before the Court before it rendered the one decision that's been appealed in this case. The second thing I'd like to mention about the declaration is that even at the time it was submitted, it was phrased in terms of there was no agreement that they weren't liable. It would have been a very simple matter at that point on reconsideration if indeed Mr. Coleman and Mr. Krauser had incurred attorney fees to simply get a declaration from the client saying, I was liable. As was pointed out, we don't seem to have the actual declaration. The memo says, had Milestone not paid the attorney fees, the firm would have sought payment from third party defendants Coleman and Krauser. Is that in the declaration? I do believe that is in the declaration. Why isn't that good enough if it's in? Pardon me? Why isn't that good enough if it's in? Why does it have to be from the client as opposed to from the lawyer? Well, that may be good enough. That's a question this Court can decide. Now, back to my original point, that declaration wasn't before the Court when it All right. So what about that as a technical matter? The motion for reconsider was presumably timely filed and the notice of appeal is therefore automatically bumped back to the end of the motion to reconsider. Do you have to separately appeal the motion to reconsider? Yes, I believe you do under the cases in the circuit. Absolutely. Unless there are more questions on the indemnification issue, I'd like to move on to the contractual issue. I think the relevant question under the contractual issue is, once having assigned all of its rights and interest in the contract to Summit Properties and having retained nothing by the terms of the assignment, at a later date, can Milestone enforce provision of that contract? See, the problem I have with that is you're suing Milestone for its conduct when it was a party to the agreement, and your client, if it had prevailed, presumably would have gone after Milestone for attorney fees, because at the time, or if not, you would have gone after Summit under it, and Summit would have turned around and gone after Milestone. I'd be happy to address that point. Because Milestone, either directly or indirectly, was on the hook for attorney fees, having been a party to that under one way or the other. Or do you think the assignment... Here's what would have happened had, under Oregon law, as it stood at the time this case was at issue. If NewTek had won, had prevailed, and the lease was declared void ab initio, NewTek would have had absolutely no entitlement to attorney fees under the provisions of that lease. Not have been, but as I understand the law, just the mere fact that they're seeking to void it doesn't mean that then that wipes out the attorney fee proviso, if in fact they lose. They're at risk if they succeed. I think if it's at risk if they succeed, and then saying, well, you've won the battle but lost the attorney fee war. But the reciprocal isn't true. That doesn't mean just because the lease, as I understand it, I think that's what the statute then addressed to take care of that anomaly. But the anomaly was that if they tried to do it and lost, then they not only lost the battle, they also lost the attorney fee war. Isn't that correct? I'm not sure I followed the court, and I apologize for that, and I'll restate what I think you may be saying. If NewTek sued Summit and Milestone both. If NewTek wins, NewTek doesn't get attorney fees. Because it's voided, right? Correct. Under the laws that existed at that time. But by bringing it that way doesn't knock out the attorney fee clause. If it brings it and loses, then it will be. It's lost on its attempt to avoid it. It will be to the one party that has any right to enforce that. Let's vary the situation. Suppose you had sued for a breach of contract during the period that Milestone was still the landlord. So you don't have those voiding problems. And then there's been an assignment. If you had sued Milestone and Summit both as you did now, and over the period of time that Milestone was in fact the landlord, and got a judgment against Milestone, couldn't you get fees against Milestone? That's a much closer question. On the facts of this case, we still wouldn't be able to get fees against Milestone because the lease would have been voided. But if it was merely for breach of contract, that is a much closer question. Because you were suing Milestone for something that happened when Milestone was the landlord. And that Milestone was sued at a time that it had a right to enforce the provisions of the contract. No, I'm assuming that the lawsuit was later. It was afterwards. But for the time period that Milestone was in fact the landlord. I think that if we had sued Milestone for conduct that it engaged in during the time that it was landlord, but we sued Milestone for that assignment of its rights in the contract, I don't believe it would have been able to take advantage of the attorney fee clause. Well, it seems to me that the two have to go together. Either you can't sue Milestone at all for that time period because Summit's responsible for everything. Or, you can sue them and they can get fees. Which is it? I don't see how you can divide it up. I mean, it's one or the other. Either they're just out altogether, but you apparently didn't think so because you sued them, or the two go together. How could it be that they're liable on the contract but they don't get the advantage of the fee provision? Yeah, I understand your question, Your Honor. It's a bit of a conundrum because then they're in a position where they're trying to enforce rights they no longer have. I'm sorry, I can't hear you. It would place Milestone in a bit of a conundrum because then they would be in a position of having breached the lease when they had a right in it, but then trying to enforce a provision of the lease. But just conceptually, either everything disappears or nothing disappears for that time period. What possible theory could there be for saying that the liability continues but the attorney's fees right doesn't? On what basis could you say that? I don't have any case law to answer the question, Your Honor. I have a second question, too, which is the reciprocal statute that we believe is a reciprocal statute, it seems to me may in fact go further than that and may cover this situation anyway. Because what it says is that where such contracts specifically provide for attorney's fees, incurred to enforce the provisions of the contract shall be awarded to one of the parties. And this is that kind of contract, right? Yes. And it then says the party that prevails on the claim, whether that party is the party specified in the contract or not, shall be entitled to reciprocal attorney's fees. Why doesn't that literally apply to Milestone? That doesn't apply. I mean to the officers. That doesn't apply. Why? Because that statute, ORS 20-096, under well-established case law, applies only in the situation when there is a one-sided attorney fee  when there is a one-sided agreement? Absolutely, Your Honor. Does it deal with this situation where there is somebody else, a third party, who is in fact involved? That's correct, Your Honor. It does not. What case is that? The case is AutoLend IAP v. Auto Depot holds that. And a couple of earlier Oregon Supreme Court cases that hold the same with regard to that statute is Jewell v. Triple Enterprises at 290 OR 885 and Bliss v. Anderson at 36 ORAP 559. That's a court of appeals case. The statute simply doesn't apply here and I do believe in oral argument. My opponent indicated that it doesn't apply directly on the facts of this case. It simply isn't an issue here. And with respect to whether or not even if it did apply, which it doesn't, but even if it did, under AutoLend v. Auto Depot, that case very clearly has held that ORS 20-096 will only apply between parties to an enforceable contract. And the citation for that case... I have that, thank you. Okay, you're welcome. Actually, I do want to come back to the question Dr. Berzon posed earlier with respect to whether or not NewTek would have been able to recover attorney fees against Milestone and perhaps it couldn't have. Perhaps it would have only been able to enforce the attorney fee clause against Summit. Even if it had a cause of action against Milestone? Because you obviously think you did have a cause of action against Milestone. Yes. And so again, once again, on what basis could you have a cause of action against Milestone which would have to be on the contract for the period that the contract was covering, but not have the fees go along with it? I do see your point, Your Honor. All right, thank you. You want to address the motion to reconsider issue? About why we should look at anything that happened after the original ruling? Well, what I wanted to add is that on the motion for reconsideration, the court just reiterated it's holding on the original motion because what it said, and this is SER 20 and this is the court speaking, it says regarding 8 Delaware Code 145C-2005, and it says Milestone paid the attorney fees and costs, not Coleman and Krauser. So what the court was saying is that it's a matter of law because Milestone regardless of whether... Okay, but that's not the question. The question is, if we think that there's not enough evidence in the record before the motion to reconsider with regard to the incurring of the fees, assuming that the judge made the wrong, was applying the wrong standard, but what we're looking at is fresh, is the motion to reconsider deniable for us or not? I don't believe that we had to separately appeal the motion to reconsider because it came to exactly the same conclusion as the first. I'm sorry, I didn't hear that. It came to exactly the same conclusion. Yes, but the question is, is the evidence that was submitted on the motion to reconsideration before us or not? And if there was no separate appeal from it, then presumably it isn't. Do we get to submit it on the motion to reconsider? I don't see why not. It's in the record. It's only in the record if the motion to reconsider is before us. What? If that record is not before us, then it's not before us. We didn't separately appeal the motion to reconsider. Okay, well we'll have to figure that one out then. Alright. Thank you both for the argument. The case argued is submitted. And we will be in adjournment. Can we take a short break, please?
judges: Fisher, Berzon, Barzilay